**MEMO ENDORSED**

RECEIVED DEC 12, 2023 S.D.N.Y.

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 2-1-24

12-05-23

Clerk of court
U.S District courthouse
Southern District of NewYork

USA V. Jamar Baker
Case No: 1:22-CR-200 (LAK)
Re-Sentence/Sentence Reduction

Dear clerk:
    The reason for my communication is to respectfully request for you to file this motion in the record of the court on docket number stated above and to provide a copy to judge LAK clerk, so that judge LAK can review and appoint counsel.

Thank you for your assistance.

In view of defendant's felony record, his conviction for unlawful possession of a firearm and ammunition as a convicted felon, and his possession of a dangerous weapon while incarcerated, no sentence reduction is warranted. **DENIED**

**SO ORDERED**
LAK 2/1/24

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

United States Of America

v.

Jamar Baker

Case No: 1:22-CR-200 (LAK)

## MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582 (c)(2)

Mr. Baker moves this Court to re-sentence him, reducing his sentence to their new applicable guideline range of 21-27 months being persistent to the 2023 criminal history amendment under the United States Sentencing Commission policy statement. Mr. Bakers circumstance's satisfy the "Status Points" standard set out in both U.S.S.G 4A1.1 (e) and also U.S.S.G 4A1.1 (d). In light of the factors in 18 U.S.C. § 3553(a Mr. Baker Moves this court to re-sentence him under his new applicable guideline range.

## I
## JURISDICTION

On August 24, 2023 the U.S. sentencing Commission

by a vote of 4 to 3, to make parts A and B amendments retroactive to how the Sentencing guidelines calculate Criminal history points. Part A of the Criminal history amendment changes what is called the "Status Points" for an offense committed while "Under any criminal justice sentence" including probation, parole, Supervised release, imprisonment, work release or escape status. See U.S.S.G 4A1.1 (e) and 4A1.1(d) part B is the Zero-point offenders, thus creating a whole new criminal history category -O. Currently, the categories are Classified I-VI. This amendment provides for a two-level reduction to the offense level for individuals with Zero Criminal history points. See: U.S.S.G. 4C1.1

## II
## COURT'S AUTHORITY TO REDUCE A SENTENE UNDER 18 U.S.C. § 3582(c)(2)

The Court May not Modify a term of imprisonment once it has been imposed "except" that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), Upon motion of the defendant or the Director of the Bureau Of Prisons, or on it's own motion, the Court May reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

# III

## RELEVANT FACTS AND PROCEDURAL HISTORY

The indictment in case NO: 1:22.CR.200 (LAK) charged Mr. Baker with one(1) count under 18:922(6) Mr. Baker plead guilty and appeared before sentencing on January 18, 2023. He was sentenced to 30 months to be served consecutively to an additional 10 months for his (V.O.S.R.) violation of supervised release. Prior to the new U.S. sentencing Commission policy statement Mr. Baker was giving 3 points for his one prior of conviction and additional 2 points for him being on probation in the offense of case NO: 1:22.CR.200 (LAK), thus giving him a total of 5 criminal history points, putting him in category III and a base offense level of 15, Concluding a range of 24-30 months. The change in the U.S.S.G policy now subtracts the 2 points for probation giving Mr. Baker a total criminal history of 3 points, shifting him to a criminal history category II. With a base offense level at 15, putting his new guideline range at 21-27.

## CONCLUSION

Wherefore, Mr. Baker respectfully moves this honorable court to reduce his total sentence in Case NO: 1:22.CR.200 (LAK) to his new applicable guideline range of 21-27 months, and for all other relief he may be entitled to. And also respectfully request the court appoint counsel to assist me to present these issues to the court.

# CERTIFICATE OF SERVICE

I certify on 12-05-2023, I Filled the foregoing motion with the clerk of the court, so that service may be completed to all parties by entering it into the CM/ECF system, Via U.S. Mail, property addressed and First class postage prepaid by placing a copy in the remaining mailing system currently available at the prison in which I am confined.